UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVCO INSURANCE COMPANY,

    Plaintiff,

  v.

ROKESHIA JONES, JAMIE GASPER, EVETTE OSUEGBU, and ALWAYZ KARE, INC.,

    Defendants.

Case No. 22-cv-2462-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff TravCo Insurance Company's motion for summary judgment in this insurance coverage declaratory judgment action (Doc. 48). Default has been entered against defendants Rokeshia Jones and Jamie Gasper (Doc. 33), so they have not responded to the motion. Defendants Evette Osuegbu and Alwayz Kare, Inc. have responded to the motion (Docs. 49 & 50), and TravCo has replied to that response (Docs. 51 & 52).

**I.    Background**

This case stems from property damage at 2300 Clinton Drive, Granite City, Illinois, during a dispute as to the ownership of that property. TravCo issued a homeowner's insurance policy for that property to defendants Rokeshia Jones and Jamie Gasper (the "Insureds"), who resided in the home and claimed to own it. During that period of residence, the home was damaged. Defendants Osuegbu and Alwayz Kare, who also claimed ownership of the home, have sued TravCo, Jones, Gasper, and others in an underlying state court tort suit for the damage Jones and Gasper allegedly caused to the property. In this suit, TravCo seeks a declaration that it owes no duty to defend or indemnify Jones and Gasper with respect to the underlying tort lawsuit by Osuegbu and Alwayz Kare.

II.  **Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

III.  **Facts**

Viewing the relevant evidence and making all reasonable inferences in favor of the Insureds, the Court finds the following facts for the purposes of this motion.[1]

A.  The Residence

Before any relevant litigation began, Osuegbu, a traveling nurse and president of a charitable corporation called Alwayz Kare, resided at 2300 Clinton Drive, Granite City, Illinois ("residence" or "home").  Alwayz Kare was the owner of the home.  Osuegbu allowed her daughter Jones to live there as well.  The residence contained a substantial amount of personal property owned by Osuegbu.

From August 2018 to July 2021, Jones alone, and later with her husband Gasper,

---

[1] In their response to TravCo's statement of material facts (Doc. 49), Osuegbu and Alwayz Kare have not complied with SDIL-LR 56.1(b), which requires an opposition to a motion for summary judgment to contain a paragraph-by-paragraph response to the movant's statement of material facts with citations to the record for any disputed facts.  Thus, TravCo's statement of material facts are deemed admitted.  SDIL-LR 56.1(g).  Accordingly, the Court compiles these facts from TravCo's statement of material facts as well as the Court's own review of the Policy and the complaint in the underlying case.  The only exception to the adoption of TravCo's statement of material facts is where the facts alleged are belied by a review of the underlying complaint. *Compare* SUMF ¶ 19 to Compl. Ex. 1, Osuegbu Compl. 3 (¶ 9), 5 (¶¶ 8, 11) (Doc. 1-1 at 6).

2

occupied the residence claiming that they owned it.  Not surprisingly, a conflict regarding ownership of the real and personal property developed, and Osuegbu and Alwayz Kare sued Jones and Gasper in state court to settle the question.  *See Osuegbu v. Jones*, No. 2018-CH-447 and *Alwayz Kare v. Jones*, No. 2018-CH-513 (Ill. Cir. Ct. (3d) 2018).  Jones and Gasper exclusively and temporarily occupied the residence under the authority of a court order in that litigation.  However, the state court awarded possession of the home and its contents to Osuegbu and Alwayz Kare as of late July 2021.

From October 2020 to February 2021, the home and Osuegbu's personal property therein suffered substantial damage because of the negligence and/or willful and wanton misconduct of Jones and Gasper, the Insureds.  Additionally, another defendant in the underlying tort case, Smoke Services Restoration, Inc., caused further damage to the home before the state court awarded possession of the home to Osuegbu and Alwayz Kare as of July 2021.

B.     Insurance Policy

While the ownership of the property was being contested, the state court ordered Jones and Gasper to insure the property.  In April 2020, they purchased homeowners' insurance from TravCo, Homeowners Policy No. 606541583 633 1 ("Policy"), covering the period of May 5, 2020, to May 5, 2021.[2]  The Policy covered the residence at 2300 Clinton Drive and its contents including personal liability for property damage the insureds became legally liable to pay.  *See* Policy, Liability Coverage E – Personal Liability L-1 (Doc. 1-2 at 39).  Of course, the Policy also contained many exclusions, which will be set forth and discussed as needed later in this order.

A claim was made on the Policy.  TravCo investigated and arranged for Smoke Services

---

[2] The policy attached to TravCo's motion for summary judgment is actually a policy covering the period May 5, 2021, to May 5, 2022.  The actual Policy is attached to TravCo's complaint.

Restoration, Inc. to perform some mitigation work on the house, including removing hardwood floors and drywall.  As part of its investigation, TravCo examined Osuegbu under oath on March 30, 2022, at which time she described her personal observations about the damage to the house.  In that examination, when describing the damage done by Jones and Gasper, Osuegbu stated that, among other things, they "ran hot water all through the home."  Osuegbu Exam. 46:14 (Doc. 50-2).

TravCo's counsel's response to Osuegbu's complaints about the failure to complete repairs displayed TravCo's knowledge that the damage might be water damage.  Counsel offered a possible explanation why some work on the residence was started but repairs were not completed—when water damages a home, "all the wet sopped stuff" will be taken out as soon as possible to avert further damage.  *Id.* at 70:10-24.  The following exchange also took place to show that TravCo acted consistently with the ordinary course of action when damage is caused by water:

> Q [by TravCo counsel]:  I can't say for sure because I don't know which—which damage you're talking about.  But I can tell you that after a water loss or after a fire loss where lots of water has gone in, a lot of—there's a duty to mitigate and that means—
> A [by Ms. Osuegbu]:  Exactly.
> Q:     —that that you've got to get it cleaned.
> A:     So it doesn't turn into—
> Q:     Mold and everything else.
> A:     Exactly. Exactly.
> Q:     And so there's a possibility that some things were taken out.  For example, wood floors, I see this a lot in fire cases where there's a lot of water.  They cannot be salvaged.  They've got to be torn out, and if they're not torn out, water gets trapped between the mold—or the wood and the subfloor.

*Id.* at 55:20-56:12.  As of March 30, 2022, TravCo knew or should have known from its own investigation and direction to perform mitigation work that at least some of the damage was

4

asserted to have had something to do with water.

  C. <u>Litigation</u>

  In July 2022, Osuegbu and Alwayz Kare filed a tort suit against Jones, Gasper, and others in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. *See Osuegbu v. The Travelers Companies, Inc.*, No. 2022 LA 928 (Ill. Cir. Ct. (3d) July 27, 2022). As described above, the claims against the Insureds were for negligence and/or for willful and wanton behavior that damaged the house and Osuegbu's personal property located therein. From TravCo, Osuegbu and Alwayz Kare sought payment for their property loss.

  In the instant case, TravCo seeks a declaratory judgment that the Policy does not cover liability from Osuegbu's claims for property damage to the residence at 2300 Clinton Drive and the contents of that residence that belong to her. It bases this request on the exclusion of liability coverage for damage to property that is not owned by the Insureds but is "occupied or used by or in the care of" the Insureds (Count I). Alternatively, it argues that there is no coverage due to the exclusion for damage to property "owned" by the Insureds by virtue of the court order awarding them temporary possession of the residence (Count II). Alternatively again, TravCo argues that it has no duty to indemnify for liability for property damage that was expected or intended by the Insureds (Count III).

  TravCo filed the pending motion asking the Court to grant summary judgment on the grounds that the three Policy exclusions apply to negate any duty to defend or indemnify. Osuegbu and Alwayz Kare have responded that the property damage fits into an exception to one of the exclusions and that the other two exclusions do not apply.

**IV.     Discussion**

     A.     <u>Applicable Law</u>

Under Illinois law, which all parties agree applies to this action, an insurer has an obligation to defend its insured in an underlying lawsuit if the complaint in the underlying lawsuit alleges facts potentially within the coverage of the insurance policy, even if the allegations end up being groundless, false or fraudulent. *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005). The duty to defend is broader than the duty to indemnify. *Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1017 (Ill. 2010). Therefore, if there is no duty to defend, there is necessarily no duty to indemnify. *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010).

To determine if the underlying suit alleges a situation potentially within the insurance coverage, the Court compares the complaint to the relevant provisions of the insurance policy. *Gen. Agents*, 838 N.E.2d at 1098. If any theory of recovery in the underlying complaint potentially falls within the insurance coverage, the insurer will have a duty to defend. *Id.* In comparing the policy and the underlying complaint, the Court must give the documents a liberal construction in favor of the insured. *Country Mut. Ins. Co. v. Carr*, 867 N.E.2d 1157, 1160 (Ill. App. Ct. 2007).

Under Illinois law, interpretation of an insurance policy, even an ambiguous policy, is a matter of law. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993); *River v. Com. Life Ins. Co.*, 160 F.3d 1164, 1169 (7th Cir. 1998). In interpreting a policy, the Court must attempt to effectuate the parties' intention as expressed by the policy. *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 314 (Ill. 2006). "[T]he court must construe the policy as a whole, taking into account the type of insurance

purchased, the nature of the risks involved, and the overall purpose of the contract." *Nicor, Inc. v. Assoc. Elec. & Gas Ins. Servs.*, 860 N.E.2d 280, 286 (Ill. 2006).  If the policy is unambiguous, the Court must construe it according to the plain and ordinary meaning of its terms.  *Valley Forge*, 860 N.E.2d at 314.  On the other hand, if the policy is ambiguous, the Court must construe all ambiguities in favor of the insured and against the insurer, who drafted the policy.  *Id.*

Generally, the insured bears the burden of proving the claim is covered under a policy's grant of coverage, and the insurer bears the burden of proving an exclusion applies.  *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009); *Travelers Pers. Ins. Co. v. Edwards*, 48 N.E.3d 298, 303 (Ill. App. Ct. 2016).  To rely on an exclusion to deny coverage, the insurer must show it is "clear and free from doubt that the exclusionary clause applies."  *Pro. Sols. Ins. Co. v. Karuparthy*, 232 N.E.3d 531, 543 (Ill. App. Ct. 2023) (internal citations omitted).  "Absent absolute clarity on the face of the complaint that a particular policy exclusion applies, there exists a potential for coverage and an insurer cannot justifiably refuse to defend."  *Hanover Ins. Co. v. MRC Polymers, Inc.*, 169 N.E.3d 1088, 1095-96 (Ill. App. Ct. 2020) (internal quotations omitted).  However, it is incumbent on the insured to show if an exception to an exclusion applies.  *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir. 2010); *see* § 254:13. Exceptions to Exclusions, 17A *Couch on Ins.* § 254:13 (3d ed. Supp. 2024).

In Illinois, the rule of strict comparison of the policy and the face of the complaint is qualified by the "true but unpleaded facts" doctrine.  That doctrine holds that, even if the complaint does not allege a cause of action potentially within the policy coverage, there will still be a duty to defend if the insurer "possesses knowledge of true but unpleaded facts that, when taken together with the allegations in the complaint, indicate that the claim is within or

7

potentially within the policy coverage." *Shriver Ins. Agency v. Utica Mut. Ins. Co.*, 750 N.E.2d 1253, 1256 (Ill. App. Ct. 2001). The true but unpleaded facts are typically "extraneous facts possessed by the insurer and known to be true [because they] were facts the insurer discovered during its own investigation of the underlying action," not just facts given to the insurer by the insured. *Id.* at 1259 (finding the doctrine did not apply to information insured conveyed by letter to insurer, but not verified in insurer's investigation). *See, e.g., Country Mut. Ins. Co. v. Bible Pork, Inc.*, 42 N.E.3d 958, 965-66 (Ill. App. Ct. 2015). On summary judgment, the Court may therefore "consider evidence usually considered in ruling on a motion for summary judgment, so long as such evidence does not tend to determine an issue critical to the determination of the underlying lawsuit." *Pekin Ins. Co. v. Precision Dose, Inc.*, 968 N.E.2d 664, 675 (Ill. App. Ct. 2012); *see Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1020 (Ill. 2010).

      B.    <u>Policy Exclusions</u>

TravCo assumes for the purpose of its motion to dismiss that the Policy's coverage statement is broad enough to include liability for the property damage alleged in the underlying lawsuit. It argues, however, that three exclusions apply to preclude coverage. Those exclusions are for (1) damage to property rented to, occupied, or used by or in the care of an insured (the "in care of" exclusion); (2) damage to property owned by an insured; and (3) property damage which is expected or intended by an insured.

Osuegbu and Alwayz Kare argue that because the property damage was caused by water, an exception to the "in care of" exclusion applies. They argue that TravCo knew from its own investigation that the damage was caused by water. With respect to the second and third exclusions, they deny that they pled in the underlying complaint that the Insureds owned the property in issue or expected or intended the damage asserted.

8

In reply, TravCo notes that the underlying complaint makes no allegation of water damage and that Court should not consider the extrinsic evidence outside the "eight corners" of the Policy and the underlying complaint.

As noted above, no party seriously disputes that the underlying suit falls within Liability Coverage E. They dispute, however, whether any Policy exclusion applies to remove the coverage. The Court addresses each asserted exclusion in turn.

1. "In Care of" Exclusion

This exclusion from Liability Coverage E states, in pertinent part:

> **B. Liability Coverage E – Personal Liability**
> Liability Coverage E does not apply to the following:
> * * *
> **3.** "Property damage" to property rented to, occupied or used by or in the care of an "insured". This exclusion does not apply to "property damage" caused by fire, smoke, water or explosion. . . .

Policy, Liability – Exclusions L-7 (Doc. 1-2 at 45). The purpose of this exclusion is to limit the insurer's unforeseeable exposure to liability for damage to property that belongs to a third party but that the insured is responsible for damaging while it is in her care.

In this case, a comparison of the Policy to the face of the underlying complaint demonstrates, indeed, that the underlying complaint asserts damage to both real and personal property "occupied or used by or in the care of" the Insureds. Thus, the property damage fits neatly within the first clause of the "in care of" exclusion.

However, there is an exception to the exclusion in the second clause for property damage caused by water. Under the true but unpleaded facts doctrine, the Court may consider TravCo's knowledge from its own investigation about the cause of the damage. It is true that there is no "smoking gun"—or "dripping gun," as the case may be—showing that TravCo knew absolutely that the damage to the insured property was caused by water. However, Osuegbu testified in her

9

examination that she had been accused of using water to damage the house and that she observed mitigation work on the house—removing hardwood floors and making holes in walls—consistent with the type of mitigation TravCo orders when damage is caused by water. Construing the evidence in Osuegbu and Alwayz Kare's favor, the Court finds that TravCo knew or should have known that at least some of the damage was caused by water. Therefore, the exception to the exclusion would apply to negate the exclusion.

        2.    <u>"Owned-Property" Exclusion</u>

This exclusion from Liability Coverage E states, in pertinent part:

> **B. Liability Coverage E – Personal Liability**
> Liability Coverage E does not apply to the following:
> \* \* \*
> **2.** "Property damage" to property owned by an "insured." This includes costs or expenses incurred by an "insured" or other to repair, replace, enhance, restore or maintain such property to prevent injury to a person or damage to property of others, whether on or away from an "insured location".

Policy, Liability – Exclusions L-7 (Doc. 1-2 at 45). This exclusion is designed to preclude liability coverage for damage the insured causes to her own property as opposed to unforeseen damage caused by external events.

The underlying complaint asserts that, although Osuegbu and Alwayz Kare were the true owners of the property, the Insureds had some color of ownership during the property dispute because they possessed the property pursuant to a court order during the period covering the alleged property damage. In fact, they obtained the Policy because the court ordered them to do so, most likely to protect the property for Osuegbu and Alwayz Kare should they prevail in the ownership dispute. The underlying complaint never asserts that the Insureds were the owners, true or otherwise, of the property but instead asserts that the property had been stolen from Osuegbu and possessed by the wrongdoers. Compl. Ex. 1, Osuegbu Compl. 5, ¶ 8 (Doc. 1-1 at

10

6). Nor has TravCo convinced the Court that the Insureds were the "owners" because Jones's name was on the property title and she and Gasper had exclusive possession of the house when it was damaged.[3] It appears the property dispute was resolved in favor of Alwayz Kare, confirming it was the true owner of the damaged property. Thus, this exclusion does not negate the Policy's liability coverage. This is so even if the insureds were in possession of the property by virtue of a court order at the time it was damaged.

This result is consistent with the purpose of the owned-property exclusion and the state court's likely rationale for ordering the Insureds to obtain homeowner's insurance in the first place. In an ownership dispute, protection of the property in issue is critical to protect the interests of the prevailing party against damage that may be caused by the losing party in possession of the property or some other unforeseen event while the property is in the care of the insured. Providing at least a defense to the insured for claims of damage done to property asserted to be owned by the insured but in fact owned by someone else is consistent with the purposes of the owned-property exclusion and does not decide an ultimate issue in the underlying case.

3. "Expected or Intended Damage" Exclusion

This exclusion from Liability Coverage E states, in pertinent part:

> **B. Liability Coverage E – Personal Liability and Coverage F – Medical Payments to Others**
> Liability Coverages E and F do not apply to the following:
> * * *
> **5.** "Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage" is:

---

[3] Neither party has explored the impact on this case of the theory that property "ownership" is comprised of numerous "sticks" in a bundle of rights. *See, e.g., United States v. Ben-Hur*, 20 F.3d 313, 318 (7th Cir. 1994). Nor do they address the priority of ownership claims by original owners and those who obtained title by fraud. The Court declines to explore either of these issues *sua sponte*.

> a. Of a different kind, quality or degree than initially expected or intended; or
> b. Sustained by a different person, entity, real or personal property, than initially expected or intended.
>
> This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property.

Policy, Liability – Exclusions L-3 (Doc. 1-2 at 35).  This exclusion is designed to prevent insureds from benefitting from losses that they intended or at least expected to result from their conduct.

TravCo believes this exclusion applies because Osuegbu and Alwayz Kare have alleged that the Insureds' conduct was "willful and wanton."  Such conduct would likely fall under the intended or expected injury exclusion because damages are considered "expected" where the insured was "consciously aware that defendant's injuries were practically certain to be caused by his conduct," *Bay State Ins. Co. v. Wilson*, 451 N.E.2d 880, 883 (Ill. 1983); *accord Pekin Ins. Co. v. Dial*, 823 N.E.2d 986, 991 (Ill. App. Ct. 2005).  Willful and wanton conduct appears to fall squarely within that description.

However, Osuegbu and Alwayz Kare actually alleged that the damage to the property "occurred through *either the negligence* and/or wil[l]ful and wanton misconduct" of the insureds.  Compl. Ex. 1, Osuegbu Compl. 2, ¶ 7 (emphasis added; Doc. 1-1 at 3); *see also id.* at 3-4 (¶ 6); *id.* at 4 (¶ 8) (Doc. 1-1 at 4-5).  TravCo has not shown that the claim of negligence—which does not as a rule lead to "intended or expected" damage—is barred by the exclusion.  Accordingly, the Court finds the "intended or expected damage" exclusion does not clearly apply.

Because Osuegbu and Alwayz Kare have alleged at least one liability theory that falls within the policy coverage, TravCo owes a duty to defend to the Insureds, and may also owe a duty to indemnify for any liability they have to Osuegbu and Alwayz Kare.  The Court may not, therefore, enter a declaratory judgment otherwise.

The Court having decided a declaration that there is no duty to defend is not warranted, the Court will order the parties to show cause why the opposite declaration—that TravCo has a duty to defend—is not warranted. In responding, the parties are directed to assume for their response that the findings made in this order have been established; this is not an opportunity to relitigate these findings of fact and conclusions of law.

C.     Duty to Indemnify

As noted above, the duty to indemnify is narrower than the duty to defend. *Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1017 (Ill. 2010). Therefore, if there is no duty to defend, there is necessarily no duty to indemnify. *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010). Conversely, if there is a duty to defend, as the Court has found, there may be a duty to indemnify. However, where no liability has been incurred by the insured, a federal declaratory judgment regarding the duty to defend is premature.

"[J]ust like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement." *California v. Texas*, 593 U.S. 659, 672 (2021). "[T]he dispute must be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotations omitted).

The Court of Appeals for the Seventh Circuit has consistently held that claims for declarations of an insurer's duty to indemnify an insured do not present a ripe case or controversy until the insured becomes liable. *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("decisions about indemnity should be postponed until the underlying liability has been established"); *Nationwide Ins. Co. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held

13

liable in the underlying suit."). That is because before liability is incurred, the decision is usually abstract, and any opinion would be advisory; it would be a waste of the Court's time if the events never come to pass. *Lear*, 353 F.3d at 583. In contrast, the duty to defend is real and ripe for adjudication once underlying litigation commenced. *Id.* Where the Court declines to declare a duty to indemnify because the insured has incurred no liability yet, it should dismiss the duty to indemnify claims without prejudice. *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010); *Zavalis*, 52 F.3d at 693.

Illinois state courts agree and have adopted the *Peppers* Doctrine, named after *Maryland Cas. Co. v. Peppers*, 355 N.E.2d 24, 30 (Ill. 1976). Under that doctrine, "the question of whether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured *has already incurred liability* in the underlying claim against it." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1221 (Ill. 1992) (emphasis added).

There is no indication any liability against the Insureds has been established in the underlying lawsuit, *Osuegbu v. The Travelers Companies, Inc.*, No. 2022 LA 928 (Ill. Cir. Ct. (3d) July 27, 2022). In fact, the public docket sheet for that case indicates it has not been tried and is set for a summary judgment motion hearing in late October. Until there is some liability established in that case for the Insureds, the duty to indemnify is not ripe for decision, so this Court must dismiss that portion of this action without prejudice for lack of jurisdiction.

V.     **Conclusion**

For the foregoing reasons, the Court:

- **DENIES** TravCo's motion for summary judgment on its request for a declaration that it has no to defend (Doc. 48);

- **ORDERS** TravCo to **SHOW CAUSE** on or before October 25, 2024, why the Court

14

should not declare TravCo has a duty to defend the Insureds in the underlying litigation. Osuegbu and Alwayz Kare shall have 7 days to reply to TravCo's response;

- **DISMISSES without prejudice** for lack of jurisdiction TravCo's request for a declaration regarding a duty to indemnify;

- **VACATES** the current Final Pretrial Conference and Trial dates.  Those dates will be reset by separate order; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  September 25, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**