UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVCO INSURANCE COMPANY,

    Plaintiff,

  v.

ROKESHIA JONES, JAMIE GASPER, EVETTE
OSUEGBU, and ALWAYZ KARE, INC.,

    Defendants.

Case No. 22-cv-2462-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff TravCo Insurance Company's response (Doc. 59) to the Court's September 25, 2024, order (Doc. 57) to show cause why the Court, having declined to issue the declaration of no coverage sought by TravCo, should not issue the inverse declaration, that is, that TravCo has a duty to defend under the subject policy. Defendants Evette Osuegbu and Alwayz Kare, Inc. have replied to TravCo's response (Doc. 62). They have also filed a motion to strike TravCo's exhibits to its response (Doc. 63).

The Court instructed that, in the show cause briefing, the parties "are directed to assume for their response that the findings made in [the September 25, 2024] order have been established; this is not an opportunity to relitigate these findings of fact and conclusions of law." Ignoring this instruction, TravCo attempts to relitigate its summary judgment motion by providing evidence that it could have and should have presented in the original summary judgment briefing. For the first time in this lawsuit, it claims that all damage was from vandalism by Osuegbu and that the vandalism supersedes the fact that the damage was caused by water. However, it cannot undo its previous summary judgment shortcomings in response

to an order to show cause that expressly directs otherwise.

And to the extent TravCo expects the Court to consider its response as requesting reconsideration, the Court declines that invitation.  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine.  *Pittman ex. rel Hamilton v. Madison Cnty.*, 108 F.4th 563, 572 (7th Cir. 2024) (declining to apply doctrine); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as, for example, substantial new evidence not available earlier or a manifest error or a change in the law that reveals the prior ruling was erroneous.  *Pittman*, 108 F.4th at 572; *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).  TravCo has not provided any good reason or extraordinary circumstance that justifies reconsidering its prior ruling.

Most importantly, TravCo has not presented any argument as to why, given the conclusion that the Court cannot enter judgment finding no coverage, the Court should not enter judgment declaring coverage for the duty to defend.  No one had requested such a declaration, but since the issues in this case are essentially "yes or no" propositions, a decision not to enter a "no coverage" declaration logically leads to coverage.  Accordingly, the Court **DIRECTS** the Clerk of Court to enter judgment declaring:

> Under Homeowners Policy No. 606541583 633 1, plaintiff TravCo Insurance Company has a duty to defend its insureds, defendants Rokeshia Jones and Jamie Gasper, in the underlying lawsuit of *Osuegbu v. The Travelers Companies, Inc.*, No. 2022 LA 928, brought by defendants Evette Osuegbu and Alwayz Kare, Inc. in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

The Court further **DENIES** Osuegbu's and Alwayz Kare's motion to strike TravCo's exhibits (Doc. 63).  The Court has disregarded those documents in make today's decision.

**IT IS SO ORDERED.**
**DATED:  November 6, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
